IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CRIMINAL NO.: 5:14cr15-RLV

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CONSENT ORDER AND |
| v. ) | JUDGMENT OF FORFEITURE |
| ) | PENDING RULE 32.2(c)(2) |
| (1) GUATAM SAVLA, ) | |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 21 U.S.C. § 853 and/or 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

**Approximately $16,027.72 seized on or about July 29, 2013, from BB&T Account XXXXXX8690 in the name of High Life Enterprises, Inc.;**

**Approximately $73,182.13 seized on or about June 26, 2013, from SunTrust Bank Account XXXXXXXXX4871 in the name of Sonia Thacker;**

**Approximately $21,281.13 seized on or about June 26, 2013, from Bank of America Account XXXXXX3886 in the name of High Life Enterprises, Inc.;**

**Approximately $16,370 in United States currency seized on or about June 26, 2013, from Safe Deposit Box 445 at SunTrust Bank on Kings Drive, Charlotte, North Carolina;**

**Approximately $2,017 in United States currency seized on or about June 26, 2013, from Safe Deposit Box 445 at SunTrust Bank on Kings Drive, Charlotte, North Carolina;**

**Assorted jewelry seized on or about June 26, 2013, from Safe Deposit Box 445 at SunTrust Bank on Kings Drive, Charlotte, North Carolina;**

**Approximately $2,107 in United States currency seized on or about June 26, 2013, at High Life Smoke Shop, 1525 Central Avenue, Charlotte, North Carolina;**

**Approximately $3,106 in United States currency seized on or about June 26, 2013, at High Life Smoke Shop, 19501 West Catawba Avenue, Suite B, Cornelius, North Carolina;**

**Approximately $967 in United States currency seized on or about June 26, 2013, at High Life Smoke Shop, 10039 University City Boulevard, Suites J – K, Charlotte, North Carolina;**

**Approximately $3,340 in United States currency seized on or about June 26, 2013, at High Life Smoke Shop, 1627 Sardis Road, Suite 4B, Charlotte, North Carolina;**

**Approximately $12,200 in United States currency seized on or about June 26, 2013, from a residence at 139 South Tryon Street, Apartment 3B, Charlotte, North Carolina;**

**Approximately five (5) watches seized on or about June 26, 2013, from a residence at 139 South Tryon Street, Apartment 3B, Charlotte, North Carolina;**

**Approximately $8,724 in United States currency seized on or about June 26, 2013, from High Life Enterprises, Inc., Fort Mill, South Carolina; and**

**Approximately $4,240 in United States currency seized on or about June 26, 2013, from High Life Enterprises, Inc., Columbia, South Carolina.**

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

4. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and request for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

6. As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of Defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 21 U.S.C § 853 and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so.

The United States Attorney's Office agrees to recommend to the Asset Forfeiture and Money Laundering Section ("AFMLS"), Criminal Division, Department of Justice, that the net value of the assets forfeited herein be applied to defendant's restitution obligation, if and to the extent that restitution is ordered and defendant is deported following completion of any term of imprisonment. The defendant understands that the United States Attorney's Office has authority only to make such a recommendation and that AFMLS has the authority to make any decision regarding use of forfeited assets for restitution in its sole and unreviewable discretion.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____
DANA O. WASHINGTON, ESQ.
Assistant United States Attorney

_____
GUATAM SAVLA
Defendant

_____
JACOB H. SUSSMAN, ESQ.
Attorney for Defendant

Signed this the 14 day of October, 2014.

_____
UNITED STATES Magistrate JUDGE